Michael James King is here for the appellate, Bhrath. Anthony Mata is here for the appellee, Saregama. Mr. King, you may begin when you're ready. Good morning, Your Honors. May it please the Court, I'm Michael King with Greenberg-Trarig on behalf of Bhrath Aiyer. The question before this Court is whether Mr. Aiyer waited too long to bring a motion that he was not subject to this personal jurisdiction of the Northern District of Georgia with respect to this case. This is a copyright infringement case. Mr. Aiyer, at the time that the lawsuit was brought in 2009, was a resident of India. He continued to be a resident of India throughout the proceedings in the trial court. In 2019, he took a job in California, moved to California, and in 2020, surprised to receive a copy of the 2011 judgment that had been rendered by the court. Well, you skipped a couple of facts, right? He got an email, he got some mail notifying him, he got a demand letter. He was aware that this lawsuit was happening or about to happen. All of that preceded the filing of the lawsuit. In fact, as we pointed out, the email that he got that said, the summons is out and ready for service, was incorrect because that email was sent six months before the lawsuit was even filed. Yes, there was an email. Mr. Aiyer told them that he had nothing to do with the defendant entity, that he was not responsible. His father's company. His father, and that's actually an interesting point, Your Honor. His father created a company in Bermuda. That entity never operated. His father never operated that company. Certainly, Mr. Aiyer was never an employee. We're not here to argue the merits of it. I'm just saying that there was a familial connection that makes it a little difficult to believe that he had no substantive knowledge regarding the company and why he was being sued. I understand that. That's certainly the same thing that the district court repeated, but that's not the issue that ultimately got us here, which is the question of whether ... Before we leave this now, there is evidence that he attempted to block the emails, though,  He did block his emails. I mean, he responded by a certain email that then the district court authorized Saragama to use to serve him with, in addition to by prior email. So, I mean, we know that the email to which it was sent is the email address at which he had previously communicated somewhat extensively with Saragama, I mean, in the back and forth about this lawsuit. So, Your Honor, this is not a service of process case, and that's intentional because you're asking me the same kind of question. But it is a notice case, and that's the issue, right? And so if he had notice of the lawsuit and he chose not to involve himself in it, that may not be notice of the judgment, but it is evidence that could fairly support an inference that he also had notice of the judgment, or that if he didn't, it was because he chose affirmatively to avoid it. So let me just deal with the judgment right off the bat. Sure. Judge Batten said in his order that he presumed that Mr. Ayer never received notice of the judgment. So that's in the order, that he did not receive notice of the judgment. So there's not a question of inference. Judge Batten hasn't reached that issue. Judge Batten decided this question not about notice of the judgment, which we say is necessary, but based upon what he ultimately concluded was waiver. And what he said was, and by the way, Your Honor, waiver was not the issue that was briefed by us or by them. They argued that timeliness, based upon this court's precedence, that timeliness was not satisfied because the period had been 10 years. We said that notice of the judgment was necessary and that notice had come three months before we filed the motion, and therefore the motion was timely. That was the argument presented. Judge Batten was the person who introduced, particularly in footnote 7, the line of information that said he could have participated in the lawsuit, he could have hired a lawyer, he could have challenged jurisdiction, he could have watched the case develop. He could have done all of those things. That's in footnote 7. But the supplemental . . . I thought really what it comes down to is that Judge Batten determined, in order to decide whether or not there was a reasonable time to respond, that the clock begins to run when he had knowledge of the lawsuit. That is exactly what he did. But his ultimate decision was based upon waiver. He said you knew about the lawsuit and you waived your right to make this challenge. Because you knew about the lawsuit years earlier. That is exactly right. And, Your Honor, that brings . . . So that's what we have to decide. I mean, we don't have a whole lot of, we don't have any precedent in this circuit. The other circuits have some precedent. So when does the clock begin to run? When he has knowledge of the lawsuit or knowledge of the default judgment. That's really what this comes down to, right? Correct, Your Honor. And so we don't have a whole lot of precedent to guide us in making that determination. So why don't you tell us why we should decide that the clock begins to run when he had knowledge of the default judgment. Okay, there's three cases. The first case is Espinoza, in which the party that was filing the motion under Rule B-4, in Espinoza, the party was not only had knowledge of the lawsuit, it was involved in the lawsuit. It was aware of the judgment and did not appeal. The next one is your precedent in Stancil. In Stancil, again, there was knowledge of the judgment. The precedent, the case law says the clock that it was being judged by was knowledge of the judgment which had come nine months before the motion was filed. That's Stancil. Your unreported case in A&F is similar. It was, in that case, the period was 11 months after knowledge of the judgment. So your precedents have all followed a clock from the time of the judgment. How many of those cases that you cited are published opinions? Stancil is published and also Espinoza is a case from which your Stancil precedent derives. Although in Espinoza, the court did say that Rule 60B-4 is not a license for litigants to sleep on their rights. And so in this case, I mean, here's the concern, right? I mean, it's a pretty obvious one. If a litigant is provided with notice of a lawsuit and affirmatively sticks his head in the sand and takes action to avoid getting further information about the lawsuit after knowing that the lawsuit has been filed and is proceeding, and then waits 10 or 11 years until there's, you know, until the plaintiff tries to enforce through sherry fascist the judgment, should the defendant be able to benefit in that way from affirmatively engaging in activity to try to evade liability? I understand you use the word evade, and I know that you don't mean to be pejorative. No, no, I don't. We have to make a rule, though, right? I mean, you've asked us to make a rule that it starts at the time of the judgment, and we just forget about everything that happened before that. That seems problematic to me. But maybe there's some reason it's not, or if that is the rule, maybe there's something we still have to consider about what happened beforehand. It just seems to me as though it can't possibly be right that a defendant gets a clean slate for everything the defendant did before that time until he receives, you know, hard notice of a judgment. Okay. And that, Your Honor, brings us to the supplemental authority that we submitted, which is Insurance Corporation of Ireland, which in that case Justice White for the U.S. Supreme Court stated that a party or a litigant is free to ignore judicial proceedings and risk default and challenge later. And that's also the Jackson case that we submitted, also supplemental. I mean, why wouldn't everybody just do that then? If there's no penalty until such time as 10 years go by and you file for sherry fascist, why wouldn't every defendant just do that? Because most defendants, Your Honor, are subject to the personal jurisdiction of the court. This is a foreign national who's being sued in the United States and thinks there's no basis for me to be dragged into a court in the United States. But he can't just think that and then not inform the court of the other party of that. So there's that. And then there's also even if we agree with you that the clock should start when you get notice of the judgment, it doesn't necessarily mean your client wins if there's evidence presented to show that he got the notice of the judgment when the judgment was issued, correct? So that would mean waiting 10 plus years is unreasonable. Well, Your Honor, I disagree with you with respect to whether it was unreasonable. He didn't have notice of the judgment, and that is an assumption that underlines Judge Banton's decision that the judgment was never served on him. So it's not a question of finding that out. It hasn't come out in this case at all that he ever got the judgment by any action that was taken by Saragama. Counsel, you didn't just suggest that the rules of civil procedure apply differently to foreign nationals, did you? Rules of civil procedure apply to everybody, including the other party in this case. But that's the distinction between the service of process cases and personal jurisdiction. Service of process is a procedural element to give you notice of the lawsuit. That's why it's so easily waived, because if you know about it and you wait, then you don't have any reason to come into court and say, I didn't know. You did know. All right. We have your argument. You reserve some time for rebuttals. I wanted to make sure, though. I'd rather talk to you about this now. You'll get your time. Okay. Thank you, Your Honor. Thank you. Mr. Mata. Thank you, Your Honor. May it please the Court, Anthony Mata for the plaintiff, Saragama, India Limited. Is there any evidence in the record so far that the other side received notice much sooner than the ten years that elapsed? A notice of a judgment, Your Honor? Correct. He received notice of the judgment in that he knew he was going to be sued, and he was served with a copy of the motion for default judgment. And it was served both by e-mail, which was not returned, and it was served by U.S. Priority Mail, which was not returned. So that is a clear indication that Saragama was proceeding to judgment. Well, let me ask you this question now, because Judge Batten said the clock begins to run when he knew about the lawsuit. Okay. So my question is, how do you file a motion to set aside a final judgment if you don't have a final judgment yet? Don't you have to have a default judgment before you file a 60B4 motion to set aside the default judgment? You do, Your Honor. So why doesn't the clock begin to run after the final judgment? Because a party can waive personal jurisdiction, the defense. And he knew that he was being sued, and by not responding to the suit, he waived personal jurisdiction. But why isn't the answer then that notice of a lawsuit might be evidence, even though Judge Batten didn't find it here and just made another assumption, but why isn't the rule that notice of the lawsuit might be evidence that there was notice of the judgment, but we still start the clock at the time the judgment was entered? Well, Your Honor, there was a motion for default judgment served. And if that's not a clear indication that Saragama was seeking a judgment, I don't know what is, other than being served with the judgment itself. Was he served with the judgment itself? He was not. And why is that? It's not required by the Federal Rules of Civil Procedure. But if you're, I mean, in fairness, if you're trying to collect from him and you want to put him on notice so that you can later do that collection, why wouldn't you serve him with notice? At that time, as a practical matter, he was in India. But he was in India throughout the entire rest of it, and you served him with everything else. We did. And now he is in the United States, and he's subject to the judgment. That doesn't explain why you didn't serve him with the judgment. We didn't serve him with the judgment because at the time we deemed it unenforceable. It was unenforceable because he was not in the States, which we recognize the judgment. So you were concerned that he wouldn't return to the United States and then you wouldn't be able to enforce the judgment? We didn't know if he was going to return to the United States. So I'm still not understanding why you wouldn't have served him with the judgment. I mean, this whole thing could have been avoided if you had done that. I understand, Your Honor, and the reason I'm giving, and the court may not accept it, is that as a practical matter at the time, we did not consider the judgment enforceable. We did not consider the judgment enforceable because India would not enforce it. And so we kept it in our back pocket and occasionally did some research to see if he was in the States, and we learned during that time. Okay, so you did it because you hoped he would come to the United States not knowing about the judgment and then you could enforce the judgment. Is that fair to say? I mean, that's a reasonable strategy if you did that, but it kind of goes to the issue here of whether he had notice of the judgment. He had notice that a judgment was being obtained. Did he have notice that the judgment was actually entered? No. But certainly he knew one was going to be entered. The defendant is from a common law country, India. He has two master's degrees. He worked for Ernst & Young. I know, McKinsey. I know the whole background. And look, I mean, it just seems like there are things that you could do that would have prevented this whole problem, and now we have to make a rule. I mean, speaking for myself only, it doesn't make a lot of sense to me that the clock would begin to run at the time of the filing or notice of the lawsuit as opposed to the judgment when you're talking about setting aside the judgment. I mean, that just doesn't seem to make a lot of sense to me. So if the rule is that it runs from the time of notice of the judgment, or maybe it's just that it runs from the judgment, but then you have a problem with notice, then, you know, I'm just kind of wondering how we get there in this case. Well, he knew that the court was going to exercise jurisdiction, and Judge Patton said he should have done something at the time, and he didn't. And because he knew the court was going to exercise jurisdiction, he waived his defense of lack of personal jurisdiction. And that's the holding of the court below, and that's the holding of— and the court did follow the 11th Circuit in Stansell v. Revolutionary Armed Forces. Well, we— Objections to personal jurisdiction could be waived. We have to decide in this case when the clock begins. And so here, Judge Patton says the clock begins when he had knowledge of the lawsuit. And so six other circuits say that the clock begins for a Rule 60b-4 motion. When the defendant has knowledge of the final judgment. So why shouldn't we follow the other— Well, the Supreme Court in United Student Aid Funds v. Espinosa decided in 2010, held that there could be a waiver of the basis for a Rule 60b-4 motion, and the party is required to diligently pursue its rights. The other cases in the other circuits, they could very well have been decided before this. I'm not familiar with those cases. Okay. But the Supreme Court has ruled that there can be a waiver of the basis for a Rule 60b-4 motion, and that a party has to diligently pursue its rights. And would you agree that let's assume that we adopt a rule that says that the clock starts to tick at the point of notice of the judgment. My understanding from the record is that Mr. Ayer objected to the judgment within three months. Would you at least agree, assuming we adopt that as the rule, that three months is a reasonable amount of time? Yes. Wouldn't a better rule be that the clock begins to run after the final judgment itself, rather than notice of the final judgment? That would avoid all sorts of discovery issues. Well, they would permit a party to do nothing and just have a default judgment entered against them, even though they were aware that there was or believed there was no personal jurisdiction and could have done something about it. Maybe I'm confused here. I thought that the judgment was entered ten years earlier, and then it was just the sherry fascist thing that was done three months before. Maybe I have those facts wrong. Yes, Mr. Ayer evidently or claims to have learned of the judgment when he was served with the petition. Right, but I guess I'm asking a question that's preliminary to that. The lawsuit was filed, and I thought that the court entered default judgment on the lawsuit ten years before you all sought to enforce the judgment. That's right, right? So the problem here is that it's not three months. It's ten years and three months, right? Right. Okay. Now, okay. All right. I just wanted to make sure I understood that part of it. So what date, what's the date of the entry of the default judgment? I believe it was June 12, 2009. Okay. I'm sorry. It may have been 2011. Why wouldn't the answer here, given that the district court just made an assumption and didn't make a finding about whether he had notice of the judgment, be if we decided that it was notice of the judgment that was the way we determined, why wouldn't the answer be just to make that finding or announce that rule and then send it back to the district court to determine whether that rule was satisfied here? Well, he wasn't given notice of the judgments until, and the court has made at least that assumption in coming to this. Right, but it was an assumption, right? It wasn't a factual finding. It was not a factual finding. So, I mean, there could be an evidentiary hearing on that, I suppose, and the district court could make a factual finding. And if the district court makes a factual finding that he had knowledge of it, then, you know, the sherry fascist or the 60B4 would be appropriately denied. And if the district court made a finding that he didn't have notice of the judgment, then perhaps either, you know, you could seek to have it set aside. I guess you could make the personal jurisdiction argument at that time. I mean, you could do that. Why isn't that the right answer? Because he did have notice that a default judgment was being sought. Right, but so that goes back to you're arguing with me about what the rules should be, and maybe we'll decide that is what the rules should be. But, you know, the problem is that, you know, it doesn't make a lot of sense to me that you could move to set aside a judgment that doesn't exist, right? And so if the clock starts running from before the judgment exists, how would you move to set that judgment aside within, you know, a reasonable period? Well, except that, as I've stated, the Supreme Court has ruled that you can have a waiver of a right or a basis for rules. That's a different argument, right? That's a different argument. That doesn't go to when the clock should begin to run. Well, it does. Why is that? Because the court is stating that he should have the party. Sorry, sir. Can you just get a little closer to the microphone so we can make sure that it's getting picked up on the recording? I'm sorry. No, no worries. Thank you. Because the court ruled that there was a basis for the defendant or the party in that action, I should say, to contest the issue that was the basis for the Rule 60b-4 motion. In that case, it dealt with a student loan being dischargeable in bankruptcy. The required adversary proceeding was not held. The party let the matter go to a final order, a final discharge, and after that moved to open up the final discharge on the basis that the decision was void because a required hearing proceeding wasn't held. And did the court make a finding as to when the reasonableness of the time began to run? No. So that's why it's not really helpful. Well, the court made a finding that he should have done something when he had an objection and he didn't do it and therefore he waived the objection. He could have objected and then he could have appealed. But that's a different argument, right? That is, right, we've got to decide when does the reasonable time start to run on a motion to set aside judgment under Rule 60b-4? Does it run? Unless maybe you're arguing, well, usually it runs from the time of the judgment, the entry of the judgment, but in this unique circumstance, when a person is deemed to have voluntarily waived jurisdiction, personal jurisdiction, then it runs from that time. I don't know. Is that what your argument is? Yes. That he did not do anything even though he knew that Saragama was attempting to assert personal jurisdiction over him by service of the summons and complaint and motion for default judgment. Okay, so now I'm confused. Tell me, when is your argument that the clock begins to run? The clock begins to run when the defendant has reason to believe that the party is trying to subject himself to a court's jurisdiction without basis. And if he doesn't do that, he waives the defense. What is that date in this case? That would be at the latest when he received the motion for default judgment. Okay, but that's not when the district judge said the date begins. The district judge says he should have known about it back in 2011. Well, the motion for default judgment was made in 2011.  Well, the district judge said that he, well, it would have been before 2011 then because the district judge said that the clock begins to run when he had knowledge of the lawsuit itself. He did say that. Okay. And he wanted correspondence exchanged between the parties and the service of the summons and complaint. Yeah, no court has ever said the clock, a 60-B motion, the time begins to run then. No court has ever said that that's the operative date. Well, courts have said that if you don't contest jurisdiction. The courts have said if you sleep on your rights. We just don't have a whole lot of really solid law to rely on. But no court has ever said that the clock begins to run when the defendant has knowledge of the lawsuit. I mean, I need to point to cases if I can locate them, but I think that's incorrect. Before a default judgment is entered? No. Obviously, you can't make a rule 60-B for a motion until it's a default judgment. Okay. The issue is when you have noticed that jurisdiction is being asserted and that you should do something to contest it. And if you don't contest it, it's waived. Jurisdiction is a waivable defense. All right. I think we have your argument. Thank you, counsel. Thank you. Mr. King, you reserve some time for rebuttal. Well, Mr. King, this is a confusing case. But it just seems to me that if the default judgment was entered in 2011 and your client didn't file a motion to set aside the default judgment until 2021, almost ten years later, then how do we say that's an unreasonable time that the district court erred by saying that's an unreasonable time to respond? Your Honor, my clock is not running. I don't know. Okay, thank you. Your Honor, your precedents and the precedents that I have found are based upon knowledge of the judgment. The status of the case is based upon not anything having to do with the lawsuit but the fact that there was a garnishment and a judgment. Okay. And as I understand Rule 60, the word reasonable is not included with respect to Rule 60 before. It applies elsewhere, but it doesn't. But that doesn't mean there's no time limit. I agree with you, Your Honor. Espinosa makes very clear that you can't sleep on your rights. I understand that. But nobody, nothing in this holding said that the timeliness started to run with respect to Rule 60 in 2009 or 10 or 11. What Judge Batten, he took what you folks have been talking about being the clock starting to run with respect to Rule 60. That's not what Judge Batten's holding ultimately was. Judge Batten's holding and Mr. Mott's argument is that the personal jurisdiction argument was waived in 2009, 10, 11 by failing to participate, and therefore there was nothing to resuscitate. And let me ask you, how do you see that argument fitting in with the 60 before analysis? I believe that Judge Batten's decision was incorrect because he was. I'm not asking about his, and let me be more specific.  Or actually let me be more general. I'm wondering what is the relationship between that determination of whether there has been a waiver of personal jurisdiction in the overall consideration of whether 60 before motion for reconsideration, whether it's appropriate to grant that or not. What are the relationship, what's the relationship between those two sort of procedural things? Yes. Well, I don't believe that personal jurisdiction is. I understand, but if you find that there's a waiver, I think it's fair to refer to that as procedural. Correct. The door is closed. If we waived personal jurisdiction, this is a totally different case. Great. So how do you see the relationship between when a court is supposed to decide that issue versus the rule 60 before reconsideration issue, or set-aside issue, when you have the two going on in the same case? All right. I believe that the Insurance Corporation Ireland case answers that you can't waive personal jurisdiction by not participating, and that's the Jackson case we also cited. So I don't believe. But that's an argument with whether or not personal jurisdiction has been waived. That's not an argument that the district court was wrong to decide the personal jurisdiction waiver issue in determining the 60 before issue, or as a way of not determining the 60 before issue. And I think, I don't think he made that determination, Your Honor. I think that the way that we briefed the case started on timeliness. It ended up on waiver, and that's where I think the district court was wrong, because the court never ended up saying your time started at a specific point for rule 60 before. I guess I'm still a little confused. If you're saying that the district court, that a district court, not this one, a district court can determine that there was a waiver of personal jurisdiction instead of, or sort of as a way of mooting, a rule 60 before motion, then, I mean, your argument is with how the court determined or decided the personal jurisdiction waiver issue, not with the 60 before issue. Unless I'm misunderstanding. I think you're right. I think that's what happened. I think we started on a 60 before track, and we ended up on waiver, and that's where I think the mistake occurred, because we didn't brief waiver the way that Judge Batten reflects in footnote 7. I see my time's up. All right. We have your argument. We understand the argument. Thank you. I appreciate your time. The court will be at recess for 15 minutes. All rise.